UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                             )
MENACHEM PRI-HAR,                 )
                                                             )
    Plaintiff,                          )
                                                             )
    v.                               )         Civil Action No. 04-1448 (RBW)
                                                             )
DEPARTMENT OF JUSTICE,[1]     )
                                                             )
    Defendant.                       )
_____)

**MEMORANDUM OPINION**

      The plaintiff, Menachem Pri-Har, brings this action challenging the defendant's failure to produce records relating to his criminal prosecution in response to his request for their production under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2002), and the Privacy Act, 5 U.S.C. § 552a (2004). Complaint ("Compl.") at 1. Currently before the Court are the parties' cross-motions for summary judgment.[2] For the reasons set forth below, this Court grants the defendant's motion, and denies the plaintiff's motion.

**I.    Background**

      The following facts are undisputed. On October 26, 1993, the plaintiff had a twenty-four

---

[1] Although the plaintiff lists both the Executive Office for the United States Attorneys and the Department of Justice as defendants in this action, the only proper defendant is the Department of Justice. See 5 U.S.C. § 552(a)(4)(B).

[2] Specifically, the following papers have been submitted to the Court in connection with these motions: (1) Brief in Support of Plaintiff's Motion for Summary Judgment on FOIA Claim ("Pl.'s Mem."); (2) Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment ("Def.'s Mem."); (3) the Plaintiff's Amended Opposition Brief to Defendant's Cross-Motion for Summary Judgment ("Pl.'s Opp'n"); (4) the Plaintiff's Amended Reply Brief to Defendant's Opposition to His Summary Judgment Motion ("Pl.'s Reply"); and (5) Reply Memorandum in Support of Defendant's Motion for Summary Judgment ("Def.'s Reply").

count indictment issued against him for "fraudulently obtaining more than $84 million in loans and [United States] government subsidies by submitting false documents and statements to the [United States] Department of Agriculture ("USDA") and to numerous domestic and foreign banks." Defendant's Statement of Material Facts as to Which there is no Genuine Issue ("Def.'s Stmt.") ¶ 1 (citing Pri-Har v. United States, 83 F. Supp. 2d 393, 395 (S.D.N.Y. 2000), aff'd, 2001 WL 468121 (2d Cir. May 1, 2001); Plaintiff's Amended Counter LcvR 7(h) Statement in Opposition to Defendant's Cross-Motion for Summary Judgment ("Pl.'s Stmt.") at 2. Following a two-month trial, the plaintiff was convicted of all counts, and sentenced to a fourteen year prison sentence. Def.'s Stmt. ¶ 2; Pl.'s Stmt. at 2. This conviction was later affirmed by the United States Court of Appeals for the Second Circuit. Def.'s Stmt. ¶ 2; Pl.'s Stmt. at 2. Following the resolution of his appeal, the plaintiff sought, pursuant to Federal Rule of Criminal Procedure 33 and 28 U.S.C. § 2255 (1996), to vacate his conviction or, in the alternative, for a new trial based upon newly discovered evidence, prosecutorial misconduct, and ineffective assistance of counsel. Def.'s Stmt. ¶ 4; Pl.'s Stmt. at 2. The plaintiff's motion was denied. Def.'s Stmt. ¶ 6; Pl.'s Stmt. at 2-3. This decision was also affirmed by the Second Circuit. See United States v. Pri-Har, 2001 WL 468121 (2d Cir. May 1, 2001).

On December 8, 2003, the plaintiff, in a letter addressed to the Executive Office for the United State Attorneys ("EOUSA"), made the following request under the FOIA and the Privacy Act:

> This is a request for any and all materials of which [sic] you maintain in connection to my criminal case, which only involves the following sources:
>     (1)    Yigal Shapira
>     (2)    Union Bank of Israel
>     (3)    Sheldon M. Ganz

> (4) Barry Rosenblum
> (5) David W. Robie of Standard Chartered Bank
>
> I also request all material whom [sic] which [sic] presented to the grand jury in connection to the above referenced criminal case.

Def.'s Stmt. ¶ 7; Pl.'s Stmt. at 4. Upon receipt of the plaintiff's FOIA request, the EOUSA divided the request into two parts. One, the plaintiff's request for third-party information was assigned FOIA No. 03-4063, and two, the request for bank records was assigned FOIA No. 03-4103. In response to this request, on January 21, 2004, the EOUSA sent a letter to the plaintiff indicating that request 03-4063 was denied in its entirety because (1) the plaintiff failed to secure authorization from the individuals for whom he requested documents as required under the Privacy Act and (2) FOIA exemptions 5 U.S.C. § 552(b)(3) ("exemption 3") and (b)(7)(C) ("exemption 7(C)) prohibited disclosure. Def.'s Stmt. ¶ 9; Pl.'s Stmt. at 5. Thus, the defendant neither confirmed nor denied the existence of records relating to the individuals identified by the plaintiff in his request. Def.'s Stmt. ¶ 9; Pl.'s Stmt. at 5. In a letter dated March 15, 2004, the plaintiff administratively appealed this decision to the Department of Justice, Office of Information and Privacy ("OIP"). Def.'s Stmt. ¶ 11; Pl.'s Stmt. at 6. The appeal was rejected, and the OIP affirmed the EOUSA's denial of the plaintiff's FOIA request for third party information. Def.'s Stmt. ¶¶ 12-13; Pl.'s Stmt. at 6.

On January 30, 2004, the EOUSA notified the plaintiff that his request concerning the bank records from the Union Bank of Israel had also been assigned FOIA No. 03-4103. Def.'s Stmt. ¶ 14; Pl.'s Stmt. at 7. This request was forwarded to the United States Attorney's Office for the Southern District of New York. Def.'s Stmt. ¶ 15. However, due to the large number of records relating to the plaintiff's FOIA request, the EOUSA determined that the time required to

locate the requested documents exceeded the two free hours of search time provided to each requestor.  Id. ¶ 16.  Moreover, because the cost to search for the requested documents exceeded $250, the plaintiff was sent a letter asking for payment of the $1,344 search fee, or in the alternative, for the reformulation of his request to reduce the search time.  Id. ¶¶ 17-18; Pl.'s Stmt. at 8.  By letter dated February 19, 2004, the plaintiff reformulated his request to include production of

> [a]ll <u>out of court</u> materials, (i.e., materials which are <u>not</u> trial evidence), concerning information obtained from: (1) Union Bank of Israel and its employees; (2) Standard Chartered Bank and its employees; (3) Sheldon M. Ganz; (4) Barry Rosenblum; as well as (5) a copy of the grand jury minutes.

Def.'s Stmt. ¶ 19; Pl.'s Stmt. at 8.  The EOUSA opines that this did not result in the narrowing of the request.  Def.'s Stmt. ¶ 20.  Nonetheless, on September 14, 2004, the EOUSA sent the plaintiff a letter stating that FOIA No. 03-4103 was denied as the records requested concerning individuals fall under the Privacy Act, and without authorization from those individuals, they could not be released.  Id. ¶ 21.  Moreover, on December 10, 2004, the EOUSA sent the plaintiff another fee letter regarding FOIA No. 03-4103.

On August 25, 2004, the plaintiff filed this action seeking to challenge the denial of FOIA request assigned No. 03-4063.[3]  Pl.'s Opp'n at 3 (noting that the plaintiff's complaint arises

---

[3] Although the plaintiff initially requested the records pursuant to the FOIA and the Privacy Act, his challenge to the denial of the release of the documents centers solely on the denial of his request under the FOIA. Accordingly, it appears that the plaintiff is not challenging the withholding of documents under the Privacy Act. Moreover, although the defendant argues that it is prohibited from disclosing the requested records under the Privacy Act, Def.'s Mem. at 17, the plaintiff has not set forth a position on this issue.  Accordingly, this Court will treat this argument as conceded by the plaintiff.  <u>FDIC v. Bender</u>, 127 F.3d 58, 67-68 (D.C. Cir. 1997); <u>Stephenson v. Cox</u>, 223 F. Supp. 2d 119, 121 (D.D.C. 2002).  Nonetheless, even if this Court were to review the merits of this argument, it is clear that the defendant is entitled to summary judgment.  5 U.S.C. § 552a(j)(2) of the Privacy Act exempts from mandatory disclosure records maintained by "an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws."  5 U.S.C. § 552a(j)(2).  Pursuant to this statute, 28 C.F.R. § 16.81(a)(1) was promulgated to exempt from disclosure all files in criminal cases.  28 C.F.R. §

(continued...)

based upon the denial of FOIA No. 03-4063).

## II.  Standard of Review

This Court will grant a motion for summary judgment under Rule 56(c) if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When ruling on a motion for summary judgment, this Court must view the evidence in the light most favorable to the non-moving party.  Bayer v. United States Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992).  However, the non-moving party cannot rely on "mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citation omitted).  Under Rule 56, "if a party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial[,]" summary judgment is warranted.  Hazward v. Runyon, 14 F. Supp. 2d 120, 122 (D.D.C. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  The party moving for summary judgment bears the burden of establishing the absence of evidence that supports the non-moving party's case.  Id.

## III.  The Parties' Arguments

**(A)     The Defendant's Arguments**

The defendant contends that it is entitled to summary judgment for several reasons.  First, the defendant argues that the plaintiff's challenge to the defendant's refusal to provide the

---

    ³(...continued)
16.81(a)(1)(2001).  The records requested here are clearly of the type that fall under this regulation and the authorizing statute, and thus were properly withheld.

requested bank records must be rejected because he failed to exhaust his administrative remedies. Def.'s Mem. at 7-8. Specifically, the defendant opines that because the plaintiff has neither paid the search fee in advance, nor reformulated and narrowed his search request, he has not exhausted his administrative remedies, and thus, this action cannot proceed on the merits. Id. at 8. In addition, the defendant opines that the agency properly refused to confirm or deny the existence of documents relating to the various individuals pursuant to FOIA exemption 7(C). Id. at 9-14. Under this exemption, 7, the agency cannot disclose information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Id. at 9 (quoting 5 U.S.C. § 522(b)(7)(C)). Finally, the defendant posits that the agency properly denied the plaintiff's request for the grand jury transcripts, as their release would violate FOIA exemption 3. Def.'s Mem. at 15. The defendant notes that exemption 3 prohibits the disclosure of records "specifically exempted from disclosure by statute . . . ." Id. at 15 (quoting 5 U.S.C. § 522(b)(3)). Here, the defendant's position is that Federal Rule of Evidence 6(e) serves to preserve the secrecy of grand jury proceedings and explicitly bars disclosure of "matter occurring before the grand jury." Id. at 15.

**(B)     The Plaintiff's Arguments**

The plaintiff opines that the EOUSA has engaged in illegal conduct by presenting false and misleading evidence during the prosecution of his criminal case. Pl.'s Mem. at 3-4. Thus, argues the plaintiff, because the records he requested under the FOIA seek to uncover allegedly illegal activity perpetuated by the government, no FOIA exemption prohibits the disclosure of the documents. Id. Thus, according to the plaintiff, the public interest demands that the requested materials be released to bring to light the alleged misconduct by the government. Id. at 8-10.

The plaintiff contends that the requested grand jury transcripts should be disclosed pursuant to Federal Rule of Criminal Procedure 6(e)(3), which provides for the disclosure of grand jury transcripts upon showing that "ground[s] may exist [for a motion] to dismiss the indictment because of a matter that occurred before the grand jury." Id. at 22 (quoting Fed. R. Crim. P. 6(e)(3)(E)). He opines that the grand jury transcripts may demonstrate that the government engaged in deception at the grand jury stage, which would provide support for his contention that his criminal conviction was based upon false evidence contrived by the government. Id. at 11. In the alternative, the plaintiff posits that the grand jury transcripts should be released because of a "compelling necessity" for the material. Id. at 12. Specifically, the plaintiff contends that the grand jury transcripts would provide evidence directly related to a legal action which is currently pending in the District Court of Tel-Aviv in Israel. Id. at 11-12.

The plaintiff also claims that the defendant's contentions regarding the plaintiff's failure to pay the requested search fee "should be rejected as frivolous" because this action only challenges the denial of the documents assigned FOIA No. 03-4063. Thus, the plaintiff notes that he is not appealing any aspect of the FOIA No. 3-4103 decision. Pl.'s Opp'n at 1-3. Moreover, the plaintiff argues that it is improper to rely on his previously dismissed post-conviction attacks to demonstrate that his claims of prosecutorial misconduct have no merit. Pl.'s Reply at 4-7.

### IV.   Legal Analysis

When Congress enacted the FOIA, it sought "to open agency action to the light of public scrutiny." Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976) (citation omitted). The basic purpose of the Act was to reflect "'a general philosophy of full agency disclosure unless

information is exempted under clearly delineated statutory language.'" Id. at 360-61 (quoting S. Rep. No. 89-813, at 3 (1965)). "There are [statutory] exemptions from compelled disclosure. They are nine in number and are set forth in § 552(b). But these limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." Id. at 361. Thus, under the FOIA, this Court has the power "to enjoin the agency from withholding agency records and to order the production of any agency record improperly withheld . . . ." 5 U.S.C. § 552(a)(4)(B). But in order to prevail in a FOIA action, the plaintiff must show that the defendant (1) "improperly" (2) "withheld" (3) "agency records." Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980). Here, this Court is asked to determine whether the requested documents were properly withheld under exemption 7(C) and 3 of the FOIA.[4]  This Court will address each in turn.

**(A)     Exemption 7(C) of the FOIA**

Exemption 7(C) to the FOIA's disclosure requirements protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). When reviewing an agency's decision to withhold records under this exemption, the Court must "weigh the public interest in the release of information against the privacy interest in nondisclosure." Schrecker v.

---

[4] Because the plaintiff has made clear that he is not challenging the agency's failure to produce bank records, Pl.'s Opp'n at 3, this Court need not address the government's argument that the plaintiff failed to exhaust his administrative remedies as to this claim. Nonetheless, the Court notes that even if the plaintiff had challenged the agency's failure to produce the requested bank records, the claim would have to be dismissed because the plaintiff has neither paid the requested fees or sought a waiver of the fee requirement. Thus, he has failed to exhaust his administrative remedies. See Oglesby v. Dep't of Army, 920 F.2d 57, 66 n. 11 (D.C. Cir. 1990); Dettmann v. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Crooker v. United States Secret Service, 577 F. Supp. 1218, 1219 (D.D.C. 1983).

Dep't of Justice, 349 F.3d 657, 661 (D.C. Cir. 2003) (citing Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 762 (1989)).  The District of Columbia Circuit has instructed that "[t]he public interest in disclosure must be evaluated in light of FOIAs central purpose: 'to open agency action to the light of public scrutiny.'"  Id. at 661.  And the Court's evaluation must "focus not on the general public interest in the subject matter of the FOIA request, but rather on the incremental value of the specific information being withheld."  Id.

It is well-settled that individuals who are identified in law enforcement files have a "substantial" privacy interest in maintaining the secrecy of their identities.  See SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991).  In fact, our Court of Appeals has stated that "[t]he public interest in disclosure [of the identity of those individuals] is not just less substantial, it is insubstantial."  Id.  The FOIA is not a tool to acquire information about individuals, but rather serves to "shed[] light on an agency's performance of its statutory duties . . . ."  Reporters Comm. for Freedom of Press, 489 U.S. at 772.  Thus, here, where there are allegations of governmental impropriety, and,

> where there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred.

Nat'l Archives and Records Admin. v. Favish, 541 U.S. 157, 174  (2004); see also Spirko v. U.S. Postal Service, 147 F.3d 992, 999 (D.C. Cir. 1998)**.**

In fact, decisions from the Court of Appeals routinely support "nondisclosure of names or other information identifying individuals appearing in law enforcement records, including

investigators, suspects, witnesses, and informants." Schrecker, 349 F.3d at 661. Specifically, the District of Columbia Circuit Court has noted that "a 'criminal law enforcement agency['s]' invocation of 'law enforcement purposes' warrants greater deference than do like claims by other agencies." Keys v. Dep't of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987). Thus, the Circuit Court "requires simply that the nexus between the agency's activity . . . and its law enforcement duties must be based on information sufficient to support at least a colorable claim of its rationality." Id. (internal quotations omitted).

      Here, the plaintiff seeks disclosure of the records pertaining to specific individuals. In response to this FOIA request, the agency has invoked exemption 7(C), and has refused to provide any information because it takes the position that the privacy interest of those individuals whose information the plaintiff seeks to obtain is outweighed by the public interest. Def.'s Mem. at 9-14. First, there is no dispute, nor can there be, that (1) the records in question were compiled for law enforcement purposes and (2) the individuals for whom records are requested have a substantial privacy interest in those record. See, e.g., Reporters Comm., 489 U.S. at 780; Computer Professionals for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996). Rather, the plaintiff opines that public interest demands disclosure of the records, as they will tend to show that the government engaged in fraudulent activity during the prosecution of his criminal case. Pl.'s Mem. at 9-10. As noted previously, "when governmental misconduct is alleged as the justification for disclosure, the public interest is insubstantial unless the requester puts forward compelling evidence that the agency denying the FOIA request is engaged in illegal activity and shows that the information sought is necessary in order to confirm or refute that evidence." Computer Professionals, 72 F.3d at 905.

Despite the plaintiff's lengthy discussion about the alleged prosecutorial misconduct, the plaintiff simply fails to put forth any compelling evidence that would lead a reasonable person to believe that the government has engaged in such misconduct. Rather, the plaintiff has fully litigated his claim that the government, during his criminal prosecution, "suborned perjury, withheld exculpatory evidence, and misled the jury . . . ." Pri-Har v. United States, 83 F. Supp. 2d 393, 396 (S.D.N.Y. 2000). In fact, during the prior litigation, the plaintiff's position that he was entitled to a new trial was based upon the same evidence he is relying on here. Compare Compl. at 3-4 (discussing alleged fraudulent testimony of Isaac Fattal), with Pri-Har, 83 F. Supp. 2d at 401 (concluding that the post-trial testimony of Fattal was not inconsistent with his trial testimony); compare Compl. at 5-7 (discussing alleged fraudulent testimony of Sheldon Ganz, the government's alleged improper summation with regard to Ganz's testimony, and the government's alleged failure to provide documents pursuant to Brady v. Maryland, 373 U.S. 83 (1963)), with Pri-Har, 83 F. Supp. 2d at 402-03 (dismissing as meritless the same legal challenges); compare Compl. at 8 (discussing government's alleged failure to turn over Brady material for David Robie), with Pri-Har, 83 F. Supp. 2d at 400 (rejecting plaintiff's allegation that the government failed to provide Brady material for Robie). In the earlier case, each of the plaintiff's claims were rejected as meritless because the allegations simply did not demonstrate prosecutorial misconduct. Pri-Har, 83 F. Supp. 2d at 400-03. And this Court is in no position to take exception with the reasoned conclusions reached by the judge in the prior litigation, who actually presided over the proceedings where the purported prosecutorial misconduct occurred.[5]

---

[5] It is well-settled that the plaintiff has a "heavy burden" to establish that he was entitled to a new trial pursuant to 18 U.S.C. § 2255 and Federal Rule of Criminal Procedure 33. See Pri-Har, 83 F. Supp. 2d at 399

(continued...)

Thus, since the plaintiff is relying on the same evidence here, this Court must conclude that the plaintiff has submitted no compelling evidence demonstrating that the government engaged in misconduct during his criminal prosecution that warrants disclosure of the requested documents pursuant to the FOIA.[6]  Accordingly, the defendant properly refused to disclose the documents requested by the plaintiff.[7]

**(B)    Exemption 3 of the FOIA**

In addition to the aforementioned documents, the plaintiff seeks copies of all material

---

[5](...continued)
(requiring a showing that the outcome at trial would be different if a new trial was granted).  Arguably, the showing required for a new trial is more stringent than the showing necessary to establish that the public interest requires disclosure of the requested documents under the FOIA.  Had the district court relied solely on the more burdensome standard in the prior litigation, it would likely be more difficult for the Court to rely on the rulings in that case.  This Court, however, need not engage in a discussion of the difference between the two standards as the earlier district court decision, in concluding that the plaintiff was not entitled to a new trial, concluded that the government simply, on the facts provided, did not engage in misconduct.  Pri-Har, 83 F. Supp. 2d at 404 (noting that the plaintiff failed to demonstrate that the government engaged in misconduct).  Thus, the district court in that case did not need to employ the more stringent test to reach its outcome, even though it did.  Id. at 405-06 ("In any event even if the Court were to conclude that petitioner has raised a colorable question regarding . . . the government's failure to adhere to its disclosure obligations (which petitioner has not), the Court must conclude, given the overwhelming evidence of petitioner's guilt, that the outcome of his trial would not have been different.").

[6]  In his reply, the plaintiff supposes that this Court is not bound by the district court's ruling in Pri-Har, 83 F. Supp. 2d at 393, because the trial court (1) did not conduct a hearing on the motion, thus denying him a full and fair opportunity to litigate his claims; (2) its decision was not based on the actual files and records of the case, and was thus not "on the merits;" (3) it prohibited the introduction of new evidence, and thus the proceeding was not fair; and (4) there has been a change in the legal landscape that would have affected the outcome of the legal proceedings. Pl.'s Reply at 3-6.  The plaintiff's arguments are completely without merit.  First, the district court's opinion was affirmed by the Second Circuit, United States v. Pri-Har, 2001 WL 468121 (2d Cir. May 1, 2001), and the Supreme Court declined to grant certiorari, 534 U.S. 935 (2001).  Moreover, contrary to the plaintiff's position, the doctrine of collateral estoppel precludes him from relitigating the issue of prosecutorial misconduct again.  See Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 n. 23 (1979) ("[T]he whole premise of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed.").

[7]  The plaintiff has recently filed a Motion for Leave of Court to Supplement Plaintiff's Summary Judgment Records with New Evidence.  The government failed to file an opposition to this Motion, thus this Court will assume that it concedes that the motion should be granted.  Nonetheless, after careful review of the documents accompanying this motion, it is clear that they do not provide a basis for altering this Court's conclusion.

presented to the grand jury in connection with his criminal indictment. Pl.'s Mem. at 10. Specifically, the plaintiff seeks disclosure of the grand jury transcripts which formed the basis for his indictment. Def.'s Stmt. ¶ 19. The defendant, however, denied the plaintiff's request citing exemption 3 to the FOIA and Federal Rule of Criminal Procedure 6(e).

Under exemption 3, an agency can withhold documents pursuant to the FOIA, if those documents are

> specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). Rule 6(e) serves to protect the secrecy of the grand jury process and prohibits the disclosure of "matters occurring before the grand jury." It is well-settled in this Circuit that

> requests for documents related to grand jury investigations implicate FOIA's third exemption, because Rule 6(e) of the Federal Rules of Criminal Procedure prohibits government attorneys and others from "disclos[ing] a matter occurring before the grand jury." This is not to say that Rule 6(e) draws "a veil of secrecy . . . over all matters occurring in the world that happen to be investigated by a grand jury." Quite the contrary: "[t]here is no per se rule against disclosure of any and all information which has reached the grand jury chambers."

Lopez v. Dep't of Justice, 393 F.3d 1345, 1349 (D.C. Cir. 2005) (internal citations omitted).[8] Thus, the question for this Court is whether disclosure of the information requested would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the

---

[8] The plaintiff's argument that the Rule 6(e) does not qualify as a statute under 5 U.S.C. § 552(b)(3), Pl.'s Mem. at 10, has clearly been rejected in this Circuit. See Fund for Constitutional Gov't v. Nat'l Archives and Records Svcs., 656 F.2d 856, 867-68 (D.C. Cir. 1981).

deliberations or questions of jurors, and the like." Id. If it would, disclosure is prohibited under exemption 3. Id. Clearly, grand jury transcripts are protected under the FOIA, as their disclosure would reveal "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like[,]" id., and the defendant therefore did not err by denying the plaintiff's request for them.[9]

### V. Conclusion

For the foregoing reasons, it is clear that the defendant did not improperly prohibit the disclosure of documents relating to specific individuals or the grand jury transcripts. Accordingly, the defendant's motion for summary judgment is granted, and the plaintiff's motion is denied.

**SO ORDERED** this day of 27th day of September, 2005.[10]

REGGIE B. WALTON
United States District Judge

---

[9] The plaintiff also appears to argue that Rule 6(e) actually supports disclosure here, as the rule provides for disclosure if there is "compelling necessity," which the plaintiff contends is present here. Pl.'s Reply at 7. It appears that the plaintiff is alluding to the potential discovery of evidence to support his claims of prosecutorial misconduct. As previously stated, however, the plaintiff's claims of prosecutorial misconduct are completely without merit. Thus, this argument must also fail.

[10] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.